## STATE v. BROWN.

*Appeal from Lee District Court — Thursday, June 18.*

INTOXICATING LIQUOR: GENERAL EXCEPTION TO INSTRUCTIONS.

Indictment for " causing and continuing a public nuisance," in viola tion of section 8 (Rev. § 1564) of the act for the suppression of intem

perance. Trial, verdict of guilty, judgment accordingly, and defendant appeals.

*Brown & Knowles* for the appellant — *H. O'Connor*, Attorney-General, for the State.

WRIGHT, J.— We notice very briefly the several errors assigned:

1. That the verdict was against the evidence. There was testimony tending to show the sale of the liquor in a house owned by defendant, and that he kept in the same building a rectifying establishment. The point controverted by him was, whether he, at the time of the sale, was the proprietor of the saloon, or whether it was kept by a third person, for himself and not for defendant. Taking the refusal of this third person — as a witness on the stand — to answer to whom defendant had sold, or how much rent was paid for the use of the saloon, in connection with the positive testimony of the witness on the part of the State, that he obtained and drank liquor on the premises reputed to be owned by defendant, with the undeniable fact that defendant did keep in the same building a place for the manufacture of intoxicating liquor, we say, in this state of the record, we cannot conclude that the verdict was not warranted.

2. Erroneous instructions. The charge of the court was excepted to as a whole. No claim that it was all erroneous. Exception, therefore, overruled.

3. Defendant was convicted on illegal and insufficient evidence, which it was error to admit to go to the jury. No objection was made to its introduction. It was pertinent to the issue. That witness, without objection, was allowed to speak of who was the reputed owner of the building, if ever so inadmissible, had record or written evidence been demanded, cannot avail after verdict. The sufficiency of the evidence we have already noticed.

Affirmed.